**Ruben David Frias, Esq.,** State Bar No.: 245975
Frias Law Firm
300 N. Tustin Ave. #100
Santa Ana, CA 92705
Telephone:  (714) 418-5100
Email: *ruben@friaslawfirm.com*

Attorney for HUMBERTO OCAMPO MORALES

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>HUMBERTO OCAMPO MORALES<br><br>Defendant. | No.: **SA CR 23-102-AB**<br><br>**DEFENSE SENTENCING POISTION FOR HUMBERTO OCAMPO MORALES**<br><br>Date:  MAY 3, 2024<br>Time: 1:30 p.m. |

Defendant, Humberto Ocampo Morales, by and through its counsel of record, Ruben D. Frias, hereby files its Sentencing Position for defendant Humberto Ocampo Morales.

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Respectfully submitted,


Dated: April 26, 2024                              THE FRIAS LAW FIRM

                                                                                                                    _____
                                                                                                                    By: Ruben David Frias
                                                                                                                    Attorney for Defendant
                                                                                                                    HUMBERTO OCAMPO MORALES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to a written plea agreement, defendant Humberto Ocampo Morales ("defendant") pleaded guilty to the single-count Indictment in this case, which charges defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

The all parties agree with the calculation by the United States Probation and Pretrial Services Office ("USPPSO") of a total offense level of 25 and criminal history category of I for defendant and the government joins in USPPSO's recommendation of a low-end Guidelines sentence of 57 months' imprisonment, a two-year term of supervised release, and a special assessment of $100, as set forth in USPPSO'S Recommendation Letter (Dkt. No. 30, the "Recommendation Letter").

Defendant requests that the Court vary from the recommendation, given defendant's unique position in this matter, and would ask the Court to impose probation, with no incarceration.

## II. DEFENDANT'S CONDUCT

Defendant knowingly and intentionally possessed with intent to distribute approximately 432 grams of methamphetamine. (Dkt. No. 23 ("Plea Agreement"), ¶ 11.) Defendant pleaded guilty to the single count Indictment, which charges defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Dkt. Nos. 1, 29.)

From the inception of this matter, Defendant has accepted full responsibility for his conduct and been fully cooperative with the Government and authorities.  He has willingly accepted his

guilt and gone so far as to offer a proffer to the Government, incriminating himself as to his conduct.

Defendant has absolutely no criminal history. In his probation interview and during his proffer to the Government, Defendant has stated what led to his actions. His involvement in this criminal act was a result of desperation. Due to his loss of employment during the Covid-19 pandemic, Defendant was forced to borrow money from individuals who were involved in criminal activity. Defendant was 3 months behind on rent and needed to provide for his family. Because of the ongoing nature of the pandemic, Defendant was unable to pay that money back in a timely fashion. He was forced into "working" his debt off, by transporting packages for these individuals. He did try to get more time to pay, but was told that if he did not comply, they knew what route home his son took from school and the individuals would be visiting his family. Reluctantly, he complied on two separate occasions, until his arrest.

Defendant has repeatedly stated that this arrest was actually a blessing to him, because since he was taken into custody, nobody will go near him, and he feels his family is now safe.

## III. GUIDELINES CALCULATION AND SENTENCING RECOMMENDATION

### A. Offense Level and Criminal History Category Calculations

USPPSO calculated a total Guidelines offense level of 25 for defendant's conduct based on a base offense level of 32 under U.S.S.G §§ 2D1.1(a)(5), (c)(4); a two-level downward adjustment for meeting the safety valve criteria under U.S.S.G § 2D1.1(b)(18); a three-level downward adjustment for acceptance of responsibility under U.S.S.G § 3E1.1; and a two-level downward adjustment for defendant's zero point offender status under U.S.S.G § 4C1.1. (Dkt. No. 31, Presentence Investigation Report ("PSR") ¶¶ 21-34.)

USPPSO calculated a criminal history score of zero and criminal history category of I for defendant. (PSR ¶¶ 40-41.)

The Guidelines range for the offense level and criminal history category calculated by USPPSO is 57 to 71 months' imprisonment. (PSR ¶ 78.) The Defense agrees with USPPSO's calculation of the applicable offense level, criminal history category, and Guidelines range for defendant.

### III. SENTENCING RECOMMENDATION

The government and USPPSO join in a recommendation of a low-end Guidelines sentence of 57 months' imprisonment, a two-year term of supervised release, and a special assessment of $100. (See Recommendation Letter at 1-2.) However, there is no mandatory minimum sentence for these charges and the Defense is requesting a departure from the guidelines.

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted). This "initial benchmark" is something that should be taken into consideration for a "boilerplate" defendant, but in this case, Defendant was forced into indentured servitude to commit this crime by force or fear.

The Court has a duty to impose a sentence that is "sufficient, but not greater than necessary," that accounts for the defendant's history and characteristics, reflects the offense's seriousness, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

Defendant's criminal conduct can be adequately deterred and punished without a period of incarceration to meet all of the goals of sentencing under section 3553(a). Defendant knowingly and intentionally possessed with intent to distribute methamphetamine; however, this was something he was forced to do to protect himself and his family. A conviction alone and a period of probation would sufficiently promote respect for the law, hold defendant accountable, and ensure that defendant does not repeat these offenses. This offense will likely result in his deportation and the complete dismantling of his family, in addition to any punishment the Court deems appropriate.

Given the unique facts of this case, Defendant believes a term of imprisonment of 57 months is excessive. In the alternative, the Court could use its discretion to impose an appropriate and sufficient, but not greater than necessary punishment of no additional custody time, with an appropriate period of probation to adequately address defendant's criminal conduct and the remaining factors the Court must consider under section 3553(a).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court impose the following sentence: (1) no additional imprisonment; (2) a two-year period of supervised release; and (3) the mandatory $100 special assessment.

Dated: April 26, 2024                THE FRIAS LAW FIRM

                                     _____
                                     By: Ruben David Frias
                                     Attorney for Defendant
                                     HUMBERTO OCAMPO MORALES